```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                          :
CHARLES SVITLIK,                          :
                                          :
     Plaintiff,                           :
                                          :
V.                                        :   CASE NO. 3:03-CV-1500(RNC)
                                          :
NEIL O'LEARY,                             :
                                          :
     Defendant.                           :
```

RULING AND ORDER

Plaintiff Charles Svitlik brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant Neil O'Leary, a Waterbury police officer, caused him to be arrested in violation of the Fourth Amendment, and subjected him to custodial interrogation in violation of the Fifth Amendment.  He also alleges a claim for intentional infliction of emotional distress.  The defendant has moved for summary judgment.  For reasons stated below, the motion is granted as to the Fifth Amendment claim, but otherwise denied.

I.  Background

The summary judgment record, viewed most favorably to the plaintiff, would permit a jury to find the following facts.  In early January 2002, the corporation counsel for the City of Waterbury contacted defendant O'Leary, then a Waterbury police captain, and asked him to investigate mishandling of cash proceeds at the City's Health Department Laboratory.  Def.'s Local Rule 56(a) Statement ("DSOF") ¶ 2; Pl.'s Local Rule

56(a)(2) Statement ("PSOF") ¶ 2.  The plaintiff was the director of the lab.  DSOF ¶¶ 1, 3; PSOF ¶¶ 1, 3.  Joanne Farley, a lab supervisor, subsequently told investigators that she believed the plaintiff was paying himself and a temporary employee out of a petty cash fund, in which he kept a large amount of cash.  DSOF ¶¶ 9-11; PSOF ¶¶ 9-11.  She also said that she had been told by the plaintiff that if the City knew how much money the lab generated, some of the money would be taken away, which would prevent the lab from buying needed supplies.  DSOF ¶ 8; PSOF ¶ 8.

On January 17, 2002, two Waterbury detectives in an unmarked car stopped the plaintiff as he was driving to work.  DSOF ¶ 16; PSOF ¶ 16.  The officers told him the defendant wanted to speak with him at police headquarters.  When the plaintiff refused to go with the detectives to the police department, he was told that if he did not agree to follow them in his own car, he would be arrested and placed in the back of their car, and his car would be towed.  Svitlik Aff. ¶ 4.  The plaintiff then complied with the detectives' demand.

On arriving at the police department, the detectives escorted the plaintiff to the defendant's office.  The defendant confronted the plaintiff and accused him of misappropriating City property in connection with the operations of the lab.  Pl.'s Resp. To Def.'s Mot. Summ. J. at 2.  The plaintiff was permitted to speak briefly with his lawyer by telephone but then remained

in the defendant's office for several hours. DSOF ¶ 28; PSOF ¶ 28. The defendant would not let him leave until he promised not to speak with anyone else about the investigation. Svitlik Aff. ¶ 9; Svitlik Dep. at 69. The plaintiff was never charged with any crime. DSOF ¶ 27; PSOF ¶ 27.

II. Discussion

Summary judgment may be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must review the record as a whole, credit all evidence favoring the nonmovant, give the nonmovant the benefit of all reasonable inferences, and disregard all evidence favorable to the movant that a jury would not have to believe. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).

Fourth Amendment Claim

The Fourth Amendment prohibits "police seizures of persons for custodial interrogation - even brief detentions falling short of arrest - without probable cause." Cerrone v. Brown, 246 F.3d 194, 199 (2d Cir. 2001), citing Dunaway v. New York, 442 U.S. 200, 216 (1979)(arrests for investigation intrude so severely on interests protected by the Fourth Amendment that police must have probable cause before they seize a suspect). The defendant contends that the plaintiff was not seized by the detectives but simply drove to the police department at their request. For

3

Fourth Amendment purposes, a seizure occurs when a reasonable person would not feel free to terminate an encounter with police. See United States v. Drayton, 536 U.S. 194, 201 (2002); United States v. Mendenhall, 446 U.S. 544, 554 (1980); United States v. Lee, 916 F.2d 814, 819 (2d Cir. 1990).  Crediting the plaintiff's version of the facts, a jury could readily find that the detectives forced him to go to the police department by expressly threatening to arrest him and tow his car if he refused.  Based on that finding, a jury could reasonably conclude that the detectives' coercive conduct resulted in a seizure comparable to an arrest.

The defendant contends that even assuming there was a seizure, he cannot be held liable for the detectives' conduct because he did not order them to bring the plaintiff to the police department against his will.  Crediting the plaintiff's account, and viewing the facts in a light most favorable to him, a jury could reasonably infer that the defendant probably did order the detectives to use force (or the threat of force).  The inference of such an order would be adequately supported by the detectives' threat to arrest the plaintiff and tow his car if he refused to accompany them to the defendant's office.

Turning to the issue of probable cause, the defendant has not shown -- or even argued -- that he had probable cause to arrest the plaintiff for committing a crime.  He contends only

4

that information provided by Ms. Farley provided "ample basis for investigation." Def.'s Mem. Supp. Mot. Summ. J. ("Def.'s Mem.") at 12-13.[1]  If anything, the defendant's argument in this regard tends to confirm the plaintiff's claim that he was subjected to an investigatory arrest in violation of the Fourth Amendment.

The defendant contends that, in any event, he is entitled to summary judgment based on qualified immunity.  A police officer is entitled to qualified immunity from liability for violating a person's constitutional right if the particular right at issue was not clearly established at the time of the challenged conduct, or it was objectively reasonable for the officer to think the conduct was lawful.  See Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995).  The Fourth Amendment's prohibition against seizures of suspects for custodial interrogation without probable cause was clearly established well before the events at issue.  See Cerrone, 246 F.3d at 199 (observing that this prohibition was clearly established before 1995).  Accordingly, the defendant is entitled to summary judgment based on qualified immunity only if, accepting the plaintiff's version as true, a reasonable officer in the defendant's position could think his conduct was lawful, either because it did not entail a seizure for custodial interrogation, or the seizure was supported by probable cause.

---

[1] The defendant's memorandum also refers to a witness named Dr. Ferraro, see Def.'s Mem. at 22, but it appears that the police interviewed him only after they seized the plaintiff. See DSOF ¶ 12; PSOF ¶ 12.

In my opinion, no reasonable officer in the defendant's position could think that forcing the plaintiff to come to the police department for questioning against his will fell short of seizing him for custodial interrogation.  The issue of probable cause is not as clear-cut.  As mentioned earlier, however, the defendant has not argued that he had probable cause to arrest the plaintiff for a crime.  In the absence of any showing by the defendant that he had at least arguable probable cause, he is not entitled to summary judgment based on qualified immunity.[2]

<u>Fifth Amendment Claim</u>

The plaintiff claims that the defendant deprived him of "his right not to be subjected to custodial interrogation after requesting an attorney in violation of the Fifth Amendment." (Compl. ¶ 12).  The Supreme Court has held that subjecting a person to custodial interrogation outside the presence of counsel does not itself violate the Fifth Amendment.  <u>See</u> <u>Chavez v. Martinez</u>, 538 U.S. 760, 767 (2003).  The Fifth Amendment is violated when the fruits of an uncounseled interrogation are used against a defendant at trial.  <u>See</u> <u>United States v. Verdugo-Urquidez</u>, 494 U.S. 259, 264 (1990).  <u>See</u> <u>also</u> <u>Neighbour v. Covert</u>, 68 F.3d 1508, 1510 (2d Cir. 1995) (holding that "failure

---

[2] Arguable probable cause exists "if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met."  <u>Escalera v. Lunn</u>, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation omitted).

to give Miranda warnings does not create liability under § 1983. . . . The remedy for a Miranda violation is the exclusion from evidence of any ensuing self-incriminating statements.  The remedy is not a § 1983 action.").  It is undisputed that no formal charge was ever brought against the plaintiff.  Accordingly, the defendant is entitled to summary judgment on the Fifth Amendment claim.[3]

Intentional Infliction of Emotional Distress

The defendant's motion for summary judgment appears to seek judgment in his favor "on all issues in this lawsuit," Mot. Summ. J. at 2, but the supporting memorandum nowhere addresses plaintiff's claim for intentional infliction of emotional distress.  On a motion for summary judgment, the moving party must "first make a prima facie case by either identifying the portions of the record which it believes demonstrate the absence of a genuine issue of material fact or pointing out that there is an absence of evidence to support the nonmoving party's case." Golden Pac. Bancorp v. FDIC, 375 F.3d 196, 200 (2d Cir. 2004) (internal quotation marks omitted).  Only after the moving party makes such a prima facie showing must the nonmoving party respond with specific facts showing that there is a genuine issue for

---

[3] Even if the plaintiff could establish that the defendant violated a right guaranteed to him by the Fifth Amendment, the defendant would be entitled to summary judgment based on qualified immunity because, given the Supreme Court's decisions in this area, no such right was clearly established at the time of the defendant's conduct.

7

trial. Id. Because the defendant has failed to make a prima facie showing that there is no triable issue regarding the claim for intentional infliction of emotional distress, he is not entitled to summary judgment on this claim.

III. Conclusion

Accordingly, the defendant's motion for summary judgment (Doc. # 33) is hereby granted as to the Fifth Amendment claim but not otherwise.

So ordered.

Dated at Hartford, Connecticut this 11th day of March 2006.

```
          _____\s_____
                 Robert N. Chatigny
              United States District Judge
```